IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br><br>DANA JEAN STEELE<br><br>                    Defendant. | TRIAL ORDER<br><br><br><br><br>Case No. 1:21-cr-0073-002 RJS-DBP |

The final pretrial conference in this matter is scheduled for **12/12/2023  at 1:30 p.m.**   This case is set for a 4-day jury trial to begin on **1/23/2024 at 9:00 a.m.**  The trial attorneys are to appear at **8:30 p.m.** on the first day of trial for a brief pre-trial meeting.

Counsel are instructed as follows:

**1.  Effect of Schedule Modifications.**

The court-imposed deadlines in this Order are calculated from the scheduled date of the final pretrial conference and the scheduled date of the trial.  In the event that the trial or final pretrial conference dates change, the court-imposed deadlines set forth in this Order are automatically moved to correspond to the new final pretrial conference date and new trial date. The parties should calculate the new court-imposed deadlines based on these new dates.  No new Trial Order will issue.

**2.  Court-Imposed Deadlines.**

The deadlines described in this Order cannot be modified or waived in any way by a stipulation of the parties.  Any party that believes an extension of time or continuance is necessary **must** timely file an appropriate motion.

**3**. **Pretrial Motions That May Affect the Trial Date.**

Any motions that may affect the trial date must be filed at least **21 days before trial**. This requirement applies to Speedy Trial Act challenges, competency issues, calendar conflicts for counsel or witnesses, motions to withdraw or for appointment of new counsel, and any other issues that may require the court to move the trial date.  The court staff expends significant time and resources preparing for trials, including sending jury notices to prospective jurors, and time in chambers preparing for trial.  Because criminal cases take priority on the court's calendar, conflicting civil trial settings are often moved by the court in anticipation of criminal trials that are going forward.  For these and other reasons, the court will relieve parties of the 21 day filing requirement only upon a strong showing of exceptional and unanticipated circumstances. Mindful of the constitutional protections defendants enjoy, the court may grant relief to defendants even if motions are filed after the court's 21 day deadline.  But counsel are advised that attorneys filing late motions that result in continuing trials will be subject to monetary and/or other sanctions, as deemed appropriate in light of the specific circumstances presented.

**4.  Pretrial Submissions.**

The following documents must be submitted to the court no later than **two (2) business days before the final pretrial conference**:

2

     a.      Proposed Jury Instructions, both Preliminary and General, and any objections

     b.      Proposed Verdict Form

     c.      Proposed Voir Dire Questions

     d.      Objections to the authenticity of any exhibits and any additional objections to exhibits that will be used in opening statements

     e.      All briefing for motions in limine

The court will discuss these requirements more fully below.

     The proposed jury instructions, proposed verdict form, and proposed voir dire questions must be emailed to chambers as a Word document.  Objections to exhibits and briefing for motions in limine should be docketed as usual.  Chambers email is utdecf_shelby@utd.uscourts.gov.  Include the case number in the email subject line.

**5. Jury Instructions.**

     The court has adopted its own standard general jury instructions, copies of which may be obtained from the court's website prior to trial.  Counsel should note that the court's standard jury instructions include one set of preliminary jury instructions and one set of general jury instructions.  The preliminary instructions will be read to the jury at the start of the trial.  The procedure for submitting proposed jury instructions is as follows:

     (a)      The parties must serve their proposed jury instructions on each other at least **seven (7) days before the final pretrial conference**.  The parties should then confer in order to agree on a single set of instructions to the extent possible.

     (b)      If the parties cannot agree on one complete set of final instructions, they must submit separately those instructions that are not agreed upon.  However, it is not

enough for the parties to merely agree upon the general instructions and then each submit their own set of substantive instructions.  The court expects the parties to meet, confer, and agree upon the wording of the substantive instructions for the case.

(c)      The joint proposed instructions (along with the proposed instructions upon which the parties have been unable to agree) must be filed with the court no later than **two (2) business days before the final pretrial conference**.  Each instruction must be labeled and numbered at the top center of the page to identify the party submitting the instruction (e.g., "Joint Instruction No. 1" or "Plaintiff's Instruction No. 1"), and must include citation to the authority that forms the basis for it.

(d)      Each party must file its objections, if any, to jury instructions proposed by any other party no later than **two (2) business days before the final pretrial conference**.  Any such objections must recite the proposed instruction in its entirety and specifically highlight the objectionable language contained therein. The objection should contain both a concise argument why the proposed language is improper and citation to relevant legal authority.  Where applicable, the objecting party **must** submit, in conformity with paragraph 5(c) above,  an alternative instruction covering the pertinent subject matter or principle of law. The court will discuss objections to the preliminary instructions at the final pretrial conference.  Any party may, if it chooses, submit a brief written reply in support of its proposed instructions on the **first day of trial**.

(e)      All instructions should be short, concise, understandable, and <u>neutral</u> statements

4

of law.  Argumentative instructions are improper and will not be given.

(f)      Modified versions of statutory or other form jury instructions (e.g., Devitt &

Blackmar) are acceptable.  A modified jury instruction must, however, identify the

exact nature of the modification made to the form instruction and cite the court to

authority, if any, supporting such a modification.

## 6.  Proposed Verdict Form.

The procedure and deadlines outlined for proposed jury instructions will also apply to

verdict forms.

## 7.  Requests for Voir Dire Examination of the Venire.

Subject to the specific circumstances of each case, the court has adopted a standard

practice for conducting voir dire and empaneling a jury.  The court typically elicits general

information from each potential juror, followed by a series of voir dire background questions

calling for simple "yes" or "no" responses.  As necessary, the court conducts initial follow-up in

chambers with select potential jurors based upon the information and/or answers provided during

the general voir dire.  Counsel are ordinarily permitted to conduct additional voir dire concerning

answers as potential jurors are brought into chambers.

The court has adopted its own standard voir dire questions, which are posted on the

court's website. The parties may request that, in addition to its usual questions, the court ask

additional specific questions to the jury panel.  Any such request should follow the procedure and

deadlines outlined for proposed jury instructions.  Proposed questions should be drafted in a

form that can be answered in writing with a "yes" or "no."  A "yes" answer should indicate that

there may be a need for additional examination by counsel in chambers.

**8.  Motions in Limine**.

All motions in limine are to be filed with the court at least **seven (7) days before the final pretrial conference**, unless otherwise ordered by the court.  The non-moving party should file any opposition no later than **three (3) days before the final pretrial conference**, and the moving party should submit a reply if they so choose at least **two (2) business days before the final pretrial conference**.  Motions in limine should not exceed five pages absent leave of the court.

**9.  Trial Briefs.**

Any Trial Briefs must be filed no later than **three (3) business days before trial**.

**10.  Exhibit Lists and Marking Exhibits.**

Counsel for all parties must exchange with all opposing parties copies of each exhibit to be used at trial.  The United States must provide opposing counsel such exhibits no later than **fourteen (14) days before the final pretrial conference**.  The Defendant(s) must provide opposing counsel such exhibits no later than **seven (7) days before the final pretrial conference**.  Counsel should clearly mark any exhibits that will used during opening statements.

Counsel should use reasonable effort to avoid duplication of any exhibit pre-marked by the opposing party.  Exhibits to be exchanged shall include all evidence to be offered except the following: oral testimony to be offered at trial, sworn deposition testimony, documents to be used solely for impeachment, demonstrative exhibits created in connection with oral testimony at trial, and objects or other physical evidence.  But counsel should exchange photos of objects and other physical evidence.  Counsel should exchange copies in electronic media, but may also include a hard copy.  Counsel must report to the court whether this requirement has been completed at the

final pretrial conference.

All exhibits to be used at trial must, at the time they are exchanged with opposing counsel, be marked for identification numerically.  The United States should start numbering its exhibits at 1.  Defendants should start their numbering at 1000.  The exhibit identification should include a designation of the party offering the exhibit, such as "Plaintiff's Exhibit ___" or "Defendant's Exhibit ___."

All parties are required to prepare an exhibit list for the court's use at trial.  The list contained in the pretrial order will not be sufficient; a separate list must be prepared.  Standard forms for exhibit lists are available at the clerk's office, and questions regarding the preparation of these lists may be directed to the courtroom deputy, Mary Jane McNamee, at 801-524-6790. The parties should email their exhibit lists to chambers no later than the **day of the final pretrial conference**.

All exhibits that have been pre-marked must be presented in court in both hard copy and electronic media.  An electronic copy of each exhibit should be submitted to the courtroom deputy to manage and track the exhibits offered and received at trial.  Exhibits must be contained in a USB Flash Drive and delivered to the court on the first day of trial.   A hard copy of every exhibit offered in evidence shall be presented to the court at or before the time the exhibit is first used.  Depending on the nature of the case, the character and volume of exhibits, and possibly the preference of the jury, exhibits ordinarily will be provided to the jury for deliberations electronically, in hard copy, or both.  All electronic copies of exhibits should be submitted in searchable PDF format unless it is a picture, or it is otherwise infeasible or impractical to do so.

Pages of documentary exhibits must retain Bates stamps used when the documents were

produced in discovery.

Any objection to the authenticity of an exhibit as defined by Rule 901 of the Federal Rules of Evidence, and any objections of any nature to exhibits that will be used by counsel during opening arguments, must be made in writing no later than **two (2) business days before the final pretrial conference**.  The court will address these challenges at the final pretrial conference.  All other objections to the admissibility of an exhibit are reserved until the exhibit is offered at trial.

**11.  Witness Lists.**

Each party must exchange with all opposing parties a list of witnesses the party will call or may call at trial.  The parties must exchange witness lists no later than two (2) business days before the final pretrial conference.  Each party is required to submit a separate witness list for the court's use at trial.  Standard forms for witness lists are available from the court's website, and questions regarding the preparation of these lists may be directed to the case manager, Mary Jane McNamee at 801-524-6790.  Witness lists must be emailed as a Word document to **utdecf_shelby@utd.uscourts.gov** three business days before trial.

**12.  Closing Argument.**

Closing argument will follow the court's final instructions to the jury.  Counsel may refer to and use the jury instructions during closing argument.

**13.  Courtroom Conduct**.

In addition to the rules outlined in DUCrimR 53-1, the court has established the following ground rules for the conduct of counsel at trial:

(a)      It is expected and required that counsel will be on time for each court session.  In

most cases, trial will be conducted from 8:30 a.m. until 2:00 p.m., with two short

(thirty minute) breaks at about 10:00 a.m. and noon.  Trial engagements take

precedence over any other business.

(b)    Stand as court is opened, recessed or adjourned.

(c)    Stand when the jury enters or retires from the courtroom.

(d)    Stand when addressing, or being addressed by, the court.

(e)    In making objections, counsel should state only the legal grounds for the

objection and should withhold all further comment or argument unless elaboration

is requested by the court.  For example, the following objections would be proper:

"Objection . . . hearsay" or "Objection . . . foundation."  The following objection

would be improper unless the court had requested further argument: "Objection,

there has been no foundation laid for the expert's opinion and this testimony is

inherently unreliable."

(f)    Sidebar conferences are strongly disfavored.  Most matters requiring argument

must be raised during recess outside the presence of the jury.  Counsel should plan

accordingly.  If a sidebar conference is held, the court will, if possible, inform the

jury of the substance of the sidebar argument.

(g)    Counsel should address witnesses from the podium, but counsel need not ask

permission to approach a witness in order to **briefly** hand the witness a document

or exhibit.  Counsel should not approach the jury box without leave of the court.

Counsel may leave the podium during opening statement and closing argument

and may approach the jury box at those times.  However, counsel should at all

times respect the jurors' personal space.

(h)     Address all remarks to the court, not to opposing counsel, and do not make

disparaging or acrimonious remarks toward opposing counsel or witnesses.

Counsel shall instruct all persons at counsel table that gestures, facial expressions,

audible comments, or any other manifestations of approval or disapproval during

the testimony of witnesses, or at any other time, are absolutely prohibited.

(i)     Refer to all persons, including witnesses, other counsel, and parties, by their

surnames and NOT by their first or given names.

(j)     Only one attorney for each party shall examine, or cross-examine, each witness.

The attorney stating objections during direct examination shall be the attorney

recognized for cross examination.

(k)     Offers of, or requests for, a stipulation shall be made out of the hearing of the jury.

(l)     When not taking testimony, counsel will remain seated at counsel table

throughout the trial unless it is necessary to move to see a witness.  Absent an

emergency, do not leave the courtroom while court is in session.  If you must

leave the courtroom, you do not need to ask the court's permission.  Except as

necessary to coordinate the presentation of witnesses or evidence, do not confer

with or visit with anyone in the spectator section while court is in session.

(m)     Counsel are reminded that vouching is improper.  In opening statements and in

arguments to the jury, counsel shall not express personal knowledge or opinion

concerning any matter in issue.  The following examples would be improper: "I

believe the witness was telling the truth" or "I found the testimony credible."

DATED this **15th day of May, 2023.**

BY THE COURT:

ROBERT S. SHELBY
United States District Judge